IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT RODRIGUEZ TREVINO, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-52 |
| | § § | |
| BRAD LIVINGSTON, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Pending is a "motion for reconsideration" filed by the plaintiff, which the Court construes as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 68). For the reasons given below, the motion is **DENIED**.

The plaintiff, Robert Rodriguez Trevino (TDCJ #00729766), is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), and he has filed this action under 42 U.S.C. § 1983, alleging deliberate indifference to serious medical needs at TDCJ's Carole Young Medical Facility ("CYMF"). Although Trevino is proceeding *in forma pauperis* (Dkt. 52), he is not *pro se*—his sister is proceeding as next friend for him (Dkt. 26) and has retained an attorney.

a. **Procedural background**

Trevino's Rule 59(e) motion challenges the Court's granting of a motion to dismiss filed by the defendants pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 59). The defendants invoked qualified immunity in their motion (Dkt. 59 at p. 9). Before

1

granting the defendants' motion, the Court gave Trevino an extension of his deadline to respond (Dkt. 62). Trevino's response to the Rule 12(c) motion did not contain an amended pleading but instead insisted that Trevino's live pleading contained factual allegations sufficient to rebut the defendants' qualified immunity (Dkt. 63 at pp. 16–18). The Court then entered an order outlining the deficiencies in Trevino's live pleading and ordering Trevino to cure those deficiencies by submitting an amended pleading within 14 days of the date of the order (Dkt. 64). *See, e.g., Young v. City of Houston*, 599 Fed. App'x 553, 555 (5th Cir. 2015) (affirming the district court's granting of the defendant's Rule 12(c) motion when the district court gave the plaintiff 14 days to replead). Trevino did not respond, and the Court granted the defendants' Rule 12(c) motion (Dkt. 66). Trevino then filed this Rule 59(e) motion.

**b. The governing standard**

Generally, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quotation marks and brackets omitted). However, a Rule 59(e) motion challenging a judgment entered on the pleadings should typically be analyzed under the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003). Under that standard, leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (brackets in *Rosenzweig*). Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case[,]" dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (quotation marks omitted). If a plaintiff repeatedly declares his complaint's sufficiency despite being given fair notice that the complaint is inadequate and an opportunity to cure the inadequacy, the court will assume that the plaintiff pleaded his best case. *Jacquez*, 801 F.2d at 793.

### c. Trevino's Rule 59(e) motion

In his Rule 59(e) motion, Trevino requests that the Court's judgment of dismissal "be reversed" (Dkt. 68 at p. 1) or, in the alternative, that he be given the opportunity to replead (Dkt. 68 at p. 8). The request for "reversal" is based, remarkably, on Trevino's continued insistence that his allegations rebut the defendants' qualified immunity. The Court continues to disagree. Trevino's request is denied.

The request for a chance to replead is a bit more infuriating. In a ten-page order, the Court explained to Trevino that his live pleading's allegations were too vague and conclusory to state a claim under the Eighth Amendment, let alone rebut the defendants' qualified immunity; the Court gave Trevino 14 days to amend his live pleading and cure

the problems (Dkt. 64). Trevino did not respond, even to request more time, so the Court dismissed the complaint for failure to state a claim (Dkt. 66). The Court finds it startling that Trevino, after the defendants' motion to dismiss has been granted, now seeks the chance to craft the curative amendments that the Court actually *ordered* him to file when that motion was still pending. Needless to say, the request for an opportunity to replead is denied.

The Court concludes, as it did previously, that Trevino has not sufficiently pled a cause of action despite having pled his best case. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Trevino's motion for relief under Federal Rule of Civil Procedure 59(e) (Dkt. 68) is **DENIED**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on May 31, 2017.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE